UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

In re:                                                    Case No. 10-44396

    BETTY MAE SEMENIUK,                         Chapter 7

        Debtor.                                    Hon. Walter Shapero

_____/

### Opinion Granting Tweedie's Motion for Relief from Automatic Stay

The matter before the Court is John Tweedie's Motion for Relief From Automatic Stay (Docket No. 32). The Court held a hearing on August 26, 2010 and the matter was taken under advisement.

John Tweedie ("Movant") seeks a lift of the stay to permit a state court arbitration proceeding in which Betty Semeniuk ("Debtor") is a defendant to go forward. In a sense this is somewhat of a companion matter to a similar proceeding in the bankruptcy case of Michael George Hermoyian (Case No. 10-44423), which is now pending before Judge Shefferly of this court. More detailed facts are set forth in Judge Shefferly's opinions and orders granting a lift of stay to permit that same arbitration to go forward with respect to Hermoyian. Suffice it to say generally that Debtor and Hermoyian, and a number of entities in which it is alleged they engaged in business together, are all defendants in a state court proceeding commenced against them by Movant arising out of alleged loans and other business transactions between them. On January 20, 2010, just prior to the scheduled state court trial and pursuant to a stipulation of the parties, the state court entered an order requiring arbitration of their disputes. The arbitration was scheduled to begin some time in March 2010. Both Debtor and Hermoyian filed chapter 7 bankruptcy petitions on February 16, 2010. The arbitration proceeded, however by way of actually conducted hearings as to the other defendants in that case until March 23, 2010, when all of those other defendants also filed chapter 7 bankruptcy petitions. Thereafter Tweedie commenced adversary proceedings in both this case and in the Hermoyian case seeking denial of discharge under 11 U.S.C. § 727 and a determination that the debt owed to him is non-dischargeable under 11 U.S.C. § 523. He also filed similar motions for relief from the automatic

stay to permit the arbitration proceedings to go forward.

As noted above, in the Hermoyian case, after a series of hearings, orders, a motion for reconsideration, etc., Judge Shefferly eventually issued a written opinion dated August 24, 2010 and an order lifting the stay dated August 25, 2010. The essential purport of that order was to lift the stay to permit the state court arbitration proceedings to go forward as to Hermoyian. The question here is whether or not this Court should do likewise as to Debtor.

Judge Shefferly's opinion in the Hermoyian case, while in context of a Motion for Reconsideration, nevertheless deals with the substantive issues involved in lifting the stay. Having carefully reviewed Judge Shefferly's opinion, this Court agrees with his rationale and the conclusion he reached as to Hermoyian. That same rationale does and should also apply to Debtor in this case, not only for the reasons Judge Shefferly advanced, but also because it would be quite illogical and inimical to the rationale behind the stay lift, if as to these essentially procedurally similar and substantively related cases, the state court arbitration could go forward as to Hermoyian, but the same issues and similar facts would have to be repeated and essentially reheard and retried in this Court in this case as to this Debtor. That is not to say, as Debtor alleges, that she may have had less involvement in, or differing responsibilities or liabilities, if any, arising out of the underlying transactions, than Hermoyian and that different ultimate results might be reached as to one or the other. A certain amount of overlap and duplication is inevitable in these situations. However, those possibilities do not militate against an order lifting the stay, which in any event will tend to minimize the duplication possibilities.

It is to be importantly noted that in his effectuating order of August 25, 2010 in the Hermoyian case, Judge Shefferly carefully delineated the roles of the state court arbitrator (and any order emanating from that proceeding) and the Bankruptcy Court. During the hearing on this matter, the Court asked questions relating to the possible effects that any judgment emanating from the arbitration could have on the § 523 and § 727 proceedings before this Court. Whatever those effects might turn out to be, they do not affect this Court's indicated decision on the Motion for Relief from the Automatic Stay and the parties should read nothing into this Court's order with respect to any such future issues.

The Court is contemporaneously entering an order which essentially replicates the language of the second decretal paragraph of Judge Shefferly's August 25, 2010 order referred to

above.

**Signed on August 30, 2010**

                                          **/s/ Walter Shapero**
                                        **Walter Shapero**
                                        **United States Bankruptcy Judge**